Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence affirms, with minor modifications, the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Plaintiff's average weekly wage is as set forth on the Form 22 (wage chart).
4. Plaintiff is alleging an occupational disease that occurred on or about 15 December 1995, resulting in a cyst on his right hand.
5. The defendant-employer has denied liability.
6. Plaintiff is seeking temporary total disability benefits from 9 May 1996, through 19 June 1996, medical expenses and an ten percent (10%) rating to the right hand.
7. The issue to be determined by the Commission is whether plaintiff, in fact, suffers from a compensable occupational disease.
***********
Based on the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 26 June 1995, plaintiff began work for defendant as a batcher. As a batcher, plaintiff began his normal work day by weighing a batch by machine. The batch consisted of a mix of rock, screening, sand, and powdered cement. Plaintiff then pushed a button to release water into the batch. A conveyor belt transported the batch and water mix into the hopper for mixing. After four and a half minutes, the batch would dump into a funnel-shaped hopper. Using a forklift, plaintiff removed a full pallet and inserted a new clean pallet. Each batch took about ten to fifteen minutes to prepare. The process was repeated with each batch dumped on top of the previous batch.
2. After three or four batches, a hard buildup would form at the bottom of the hopper. Plaintiff would mix the cement with a shovel to maintain the consistency in the hopper. The bulk of plaintiff's job consisted of driving a forklift, operating the batch control panel, and checking the height of the cement in the hopper.
3. Before plaintiff began his employment with defendant, he had a small ganglion cyst on his right hand. Eventually the cyst became larger and painful. As a result of the pain and enlargement of the cyst, plaintiff sought medical treatment from Dr. John Hall on 15 December 1995.
4. Dr. Hall diagnosed plaintiff with a ganglion cyst. Dr. Hall's treatments of plaintiff's cyst were unsuccessful. On 24 April 1996, Dr. Hall referred plaintiff to Dr. Gary R. Kuzma, an orthopedic hand specialist. Dr. Kuzma surgically removed plaintiff's cyst on 9 May 1996.
5. As a result of that surgery, plaintiff was out of work from 9 May 1996 through 18 June 1996.
6. Plaintiff's work activities could have played a causal role in the development of the aggravation of his preexisting ganglion cyst. However, plaintiff's condition could also have resulted from his other non-work related activities, including football, basketball, weight lifting, answering the telephone, and playing with a child.
7. Plaintiff's condition, an aggravation of a preexisting ganglion cyst on his right hand, was not caused or significantly contributed to by his employment with defendant-employer.
8. Plaintiff's employment did not place him at an increased risk for his ganglion cyst condition as compared to the risk to the general public not so employed.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The greater weight of the evidence fails to establish that plaintiff's ganglion cyst condition was due to causes and conditions characteristic of and peculiar to his employment with defendant-employer. G.S. 97-53(13); Rutledge v. TultexCorp., 308 N.C. 85, 93; 301 S.E.2d 359, 365 (1983).
2. Plaintiff did not sustain an occupational disease under the Act. G.S. 97-53(13).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is DENIED.
2. Each side shall pay its own costs.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER